UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Baron Montero Jones,

    Plaintiff,

v.                                                                              Civil No. 11-386 (JNE/AJB)
                                                                                             ORDER

Stephen C. Redding, Rachelle Drakeford,
Gregory Mulligan, Cheryl A. Seeman,
Josef Garcia, Marilyn Justman Kaman,
Gordon W. Shumaker, Edward Toussaint,
Jr., Gary L. Crippen, Alan C. Page,
Raymond L. Erickson, James Rosenbaum,
Steven Colloton, Raymond W. Gruender,
Bobby Shepherd, Roger M. Klaphaka,
David Minge, Wright, State of Minnesota,
and United States,

    Defendants.

In a Report and Recommendation (R&R) dated June 24, 2011, the Honorable Arthur J. Boylan, Chief United States Magistrate Judge, recommended denying Plaintiff's applications for leave to proceed in forma pauperis; denying various motions that Plaintiff has filed; dismissing this action pursuant to 28 U.S.C. §§ 1915 and 1915A (2006); requiring Plaintiff to pay the unpaid balance of the Court filing fee, namely the sum of $340.00, in accordance with 28 U.S.C. § 1915(b)(2) (2006); and counting the dismissal of this action as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g) (2006). Plaintiff objected to the R&R.

Based on the Court's de novo review of the record, *see* D. Minn. LR 72.2(b), the Court adopts the R&R with the exception of the requirement that Plaintiff pay the unpaid balance of the Court filing fee in accordance with 28 U.S.C. § 1915(b)(2). Plaintiff was incarcerated by the State of Minnesota, and therefore a prisoner within the meaning of the Prison Litigation Reform Act of 1995 (PLRA) when he brought this action. *See* 28 U.S.C. § 1915A(c). Accordingly,

1

Plaintiff must pay the unpaid balance of his filing fee "because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). Normally, the Court would require payment of the unpaid balance in accordance with § 1915(b)(2). However, the Minnesota Department of Corrections website indicates that Plaintiff is no longer incarcerated, and therefore the unpaid balance cannot be deducted from his prison trust account in the manner contemplated by § 1915(b)(2). Nevertheless, Plaintiff will remain liable for the unpaid balance of the filing fee, and if he ever returns to prison, the trust account deductions mandated by § 1915(b)(2) will then have to be implemented. Therefore, IT IS ORDERED THAT:

1. Plaintiff's applications for leave to proceed in forma pauperis [Docket Nos. 3, 8] are DENIED.

2. Plaintiff's "Motion for Recussal [sic] of Judge(s)" [Docket No. 4] is DENIED.

3. Plaintiff's "Motion for Heck Bar Exception" [Docket No. 12] is DENIED.

4. Plaintiff's "Motion to Fix Clerical Mistake" [Docket No. 13] is DENIED.

5. Plaintiff's "Motion to Withhold Consent to Magistrate Judge Jurisdiction Pursuant to 28 U.S.C. § 636(c)(2) and Fed. R. Civ. P. 73" [Docket No. 14] is DENIED.

6. This action is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

7. Plaintiff is required to pay the unpaid balance of the Court filing fee, namely the sum of $340.00.

8. The dismissal of this action is counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 22, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge