UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Baron Montero Jones,

      Plaintiff,

v().                                                                                  Civil No. 11-386 (JNE/AJB)
                                                                                                 ORDER

State of Minnesota,

      Defendant.

      Plaintiff brought a complaint against numerous defendants alleging civil rights and constitutional violations related to his 2004 criminal conviction in Minnesota state court. On July 22, 2011, this Court adopted a Report and Recommendation and denied Plaintiff's application to proceed *in forma pauperis*; dismissed his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); denied his motions for recusal of judges, for "Heck Bar Exception", to fix a clerical mistake, to withhold consent to magistrate judge jurisdiction; and required Plaintiff to pay the unpaid balance of his Court filing fee in the amount of $340.00. On August 1, 2011, Plaintiff filed a Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b) and Motion to Correct Errors in Order Pursuant to Rule 60(a). On August 2, 2011, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit challenging the Court's July 22, 2011 Order. On December 29, 2011 in related case 11-CV-3322, this Court ordered that Plaintiff was not to file any additional actions in this District unless he is represented by counsel or obtains pre-authorization from a judge or magistrate judge. Because this motion was filed prior to the Court's December 29, 2011, the Court considers Plaintiff's motion on the merits.

      The Court has jurisdiction to consider Plaintiff's Rule 60 motion despite his pending appeal at the United States Court of Appeals for the Eighth Circuit. Fed. R. Civ. P. 60(a)

(permitting the district court to make corrections before an appeal has been docketed); *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) ("Our case law, however, permits the district court to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in this court."); *see also* Fed. R. Civ. P. 62.1(a)(2).

Plaintiff's current Rule 60(a) motion to correct errors does not point to any clerical mistakes, oversights, or omissions in the Court's July 22, 2011 or the corresponding Report and Recommendation. Upon its own review, the Court cannot identify any such errors in the Report and Recommendation or Order.

As to Plaintiff's Rule 60(b) motion, the Court has reviewed its Order and the adopted Report and Recommendation and cannot find that any of Rule 60(b)'s six subsections are applicable. Plaintiff specifically alleges he is entitled to relief under Rule 60(b)(1) referring the Court to *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that in order for a § 1983 plaintiff to recover, he or she must prove that the conviction or sentence has been reversed on direct appeal, expunged by an executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Plaintiff's conviction and resulting sentence do not fit into any of these categories. Plaintiff argues *Heck* provides an exception for "fraud, perjury, or mistake of law." *Id.* at 486, n. 4. This "exception" is referenced in a footnote which addresses the unavailability of civil tort actions for plaintiffs challenging a conviction. *Id.* That is not the situation in this case. Moreover, Plaintiff has not offered any evidence of fraud, perjury, or mistake of law in the Court's July 22, 2011 Order. Additionally, Plaintiff implies that the Court's Order is void under Rule 60(b)(4). The Court does not find mistake, inadvertence, surprise, or excusable neglect in its Order, nor is the Order void for any reason.

Therefore, IT IS ORDERED THAT:

1. Plaintiff's Motion pursuant to Rule 60(a) and 60(b) [Docket No. 20] is **DENIED**.

Dated: January 27, 2012

                                                s/ Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge